LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

ORLANDO DE LA ROSA and
UBALDO CONEO,
on behalf of themselves and
FLSA Collective Plaintiffs,

           Plaintiffs,

    v.

PAK RITE EXPRESS INC.,
CALMAR ENTERPRISES, INC.,
ARTHUR MUNSCH and
TOM CALI,

           Defendants.
_____

Case No.:

**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, ORLANDO DE LA ROSA and UBALDO CONEO, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, PAK RITE EXPRESS INC., CALMAR ENTERPRISES, INC., ARTHUR MUNSCH and TOM CALI (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1.   Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

3.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

4.   Plaintiff, ORLANDO DE LA ROSA, is a resident of Queens County, New York.

5.   Plaintiff, UBALDO CONEO, is a resident of Queens County, New York.

6.   Upon information and belief, Defendant, PAK RITE EXPRESS INC. (f/k/a CALMAR ENTERPRISES, INC.), is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 155-06 South Conduit Avenue, Jamaica, New York 11434 .

7.   Upon information and belief, Defendant, CALMAR ENTERPRISES, INC., was a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 155-06 South Conduit Avenue, Jamaica, New York 11434. CALMER ENTERPRISES, INC. dissolved on or about July 24, 2015 and is no longer an active corporation.

8.   Upon information and belief, Defendant ARTHUR MUNSCH is the Principal of Corporate Defendants PAK RITE EXPRESS INC. and CALMAR ENTERPRISES, INC.

2

Defendant ARTHUR MUNSCH exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.  Plaintiffs were hired, and their employment was terminated, directly by ARTHUR MUNSCH.

9.   Upon information and belief, Defendant TOM CALI is the Principal of Corporate Defendants, PAK RITE EXPRESS INC. and CALMAR ENTERPRISES, INC. Defendant TOM CALI exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, each of Corporate Defendants PAK RITE EXPRESS INC. and CALMAR ENTERPRISES, INC. were and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. In or about February 2014, Plaintiff ORLANDO DE LA ROSA was hired by Defendants and/or their predecessors, as applicable, to work as a warehouse packer for Defendants' warehouse business located at 155-06 South Conduit Avenue, Jamaica, New York 11434.

17. Plaintiff ORLANDO DE LA ROSA worked for Defendants until in or about April 2016.

18. During his employment, Plaintiff ORLANDO DE LA ROSA worked over forty (40) hours per week.

19. Specifically, Plaintiff ORLANDO DE LA ROSA worked from 8:00 a.m. until 6:00 p.m. for 3 days per week, and from 7:00 a.m. until 6 p.m. for 2 days per week. Therefore, Plaintiff worked a total of 52 hours each week.

20. Plaintiff ORLANDO DE LA ROSA received a flat hourly rate of $10 for the first month of his employment, then received flat hourly rate of $11 from March 1, 2014 until on or about April 2016.

21. Throughout his employment with Defendants, Plaintiff ORLANDO DE LA ROSA was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA. Instead, Defendants paid Plaintiff a straight hourly rate for all hours worked, including the overtime hours.

22. In or about August 2010 Plaintiff, UBALDO CONEO, was hired by Defendants and/or their predecessors, as applicable, to work as a receiver for Defendants' warehouse business located at 155-06 South Conduit Avenue, Jamaica, New York 11434.

23. UBALDO CONEO worked for Defendants until on or about April 28, 2018.

24. During his employment, Plaintiff UBALDO CONEO worked over forty (40) hours per week.

25. Specifically, UBALDO CONEO worked the following schedule:

    a) From the beginning of his employment until in or about December 2015, Plaintiff worked from 8:00 a.m. until 6:00 p.m. 3 days a week, and from 6:00 a.m. until 6:00 p.m. 2 days a week. Plaintiff therefore worked total of 54 hours each week during this period.

b)  From on or about January 2016 until on or about April 28, 2018, Plaintiff worked from 8:00 a.m. until 6:00 p.m. 5 days per week. Plaintiff therefore worked total of 50 hours each week during this period.

26. UBALDO CONEO received an hourly rate of $12 from in or about August 2010 until in or about September 2014; an hourly rate of $14 from in or about October 2014 until in or about May 2015; an hourly rate of $15 from in or about June 2015 until in or about June 2016; an hourly rate of $16 from in or about July 2016 until in or about June 2017; and an hourly rate of $17 from in or about July 2017 until on or about August 28, 2018.

27. From August 2010 until on or about December 2016, Plaintiff UBALDO CONEO was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate.

29.  Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

30. Plaintiffs reallege and reaver Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, each of Corporate Defendants PAK RITE EXPRESS INC. and CALMAR ENTERPRISES INC., had gross revenues in excess of $500,000.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

35. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

39. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA;

d.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation;

h.  An award of statutory penalties, and prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 6, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: ___/s/ C.K. Lee_____
     C.K. Lee, Esq. (CL 4086)

9